## GRUBE *v.* BESSENGER.

1. DEEDS—FORGERY BY FRAUD.

> Where genuine signature to instrument is procured by some trick or device, without intent on part of party signing to execute such instrument, signature thereto will be treated in law as forgery.

On procuring signature by fraud as forgery, see annotation in 14 A. L. R. 316; 56 A. L. R. 582.

2. Same—Wife Knowingly Executing Blank Deed Not Entitled
   to Relief Against Bona Fide Holder of Mortgage.

    Where wife, in signing blank deed at husband's request, knew,
   that she was executing deed to be used in conveyance of real
   estate, she is not entitled to relief as against *bona fide* holder
   of mortgage executed by grantee, although husband deceived
   her by representing that he intended to convey lot owned by
   him, and then filled in description of lot owned by her.

Appeal from Wayne; Perkins (Willis B.), J.,
presiding. Submitted April 8, 1932. (Docket No.
70, Calendar No. 36,393.) Decided June 6, 1932.

Bill by Emma F. Grube against Frank H.
Bessenger and another to cancel a mortgage on real
estate. Decree for plaintiff. Defendants appeal.
Reversed.

*Bernard L. Walsh,* for plaintiff.

*G. Leslie Field* and *E. Reed Hunt,* for defendants.

Sharpe, J. On January 4, 1930, the plaintiff was
the sole owner of a lot in the village of Ecorse. She
was at that time the wife of Otto E. Grube, but
procured a divorce from him on August 19, 1931.
Otto was engaged in the real estate and insurance
business, and, on the day first above mentioned,
plaintiff testified, that— .

"He came home about 11 o'clock with two blank
papers. He asked me if I would sign them. He
said he and Mr. William Fiedler had property on
Burke street and they were selling it; he wanted
me to sign the deed. I asked him, I said, 'Are you
sure that is a deed to that property and it is nothing
pertaining to mine?' He said, 'Absolutely not; you
can call Mr. Fiedler if you want to.' But I didn't
call him. I signed the paper and he went out. * * *
He told me he was in a hurry for me to sign the deed

because these people were waiting, or coming to his office, and then he was to fill the blank papers out there, because he didn't want to lose the sale of the property, that was why the papers weren't filled out when he brought them home, because he says sales are very rare now; he wanted me to hurry and sign this blank paper for fear he would lose it if he filled it out at the office and then brought it home for me to sign them;"

that, having confidence in him, she signed her name on the blank instruments. Otto took one of the deeds to his office, filled in the description of plaintiff's lot, and secured the names of two witnesses and a notary public to the acknowledgment thereof. Frank G. Saunders was named as the grantee therein. On January 11, 1930, Saunders executed and delivered to the defendant Frank H. Bessenger a mortgage on the lot for the sum of $1,500. The deed and this mortgage were recorded on January 13, 1930, and the mortgage was afterwards assigned by Bessenger to the defendant corporation. Later, the plaintiff learned of these transfers, consulted an attorney, and through his efforts received a reconveyance of the lot from Saunders.

The Bessenger company began proceedings to foreclose the mortgage, whereupon plaintiff filed the bill of complaint herein, seeking a cancellation thereof. She had decree, from which the defendants have appealed.

The trial court was of the opinion—

"that the plaintiff's signature to the deed in question was obtained by a trick and in such a fraudulent manner as to make her purported signature thereto a forgery."

Counsel for appellee relies upon a number of decisions of this court to sustain this holding. They

are collected and commented on in *Horvath* v. *National Mortgage Co.*, 238 Mich. 354 (56 A. L. R. 578), and may well be said to hold that where a genuine signature to an instrument is procured by some trick or device, without intent on the part of the party signing to execute such an instrument, the signature thereto will be treated in law as a forgery. Such a result is usually accomplished by the manipulation of a number of documents or the substitution of one instrument for another in such a way that a signature to one was procured where the intent was to sign another. There must be an assent of the will of the person signing to execute the instrument to which the name is appended.

The facts in this case do not justify the application of the holding in these cases to the signature in question. The plaintiff here knew that she was executing a deed to be used in the conveyance of real estate. No trick or device was resorted to, to induce her to sign her name thereto. She understood the nature of the instrument, and delivered it to her husband to be used by him as a conveyance of property. The deception practiced by him was in misleading her as to the description of the real estate he intended to insert therein.

In *Kurbel* v. *O'Hair*, 256 Mich. 680, the following from 1 R. C. L. p. 1022, was quoted with approval:

"Where a person executes an instrument containing blanks and entrusts it to a third person with power, express or implied, to fill the blanks in a certain manner, and such third person exceeds his authority in filling them, it is well settled that a *bona fide* holder will be protected, and the instrument is enforceable in his hands."

Without passing upon the admissibility of the testimony of plaintiff as to what her husband said to

her at the time she signed the deed, it seems clear that she did not make out a case entitling her to equitable relief. No claim is made that the defendant Frank H. Bessenger, Inc., is not a *bona fide* holder for value.

It follows that the decree will be reversed and set aside, and one here entered dismissing the bill of complaint, with costs of both courts to appellants.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.